UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 20-MJ-02898-TORRES

**UNITED STATES OF AMERICA**

vs.

**EDINSON MURILLO PALACIOS,
VICENTE MOSQUERA QUEVADA,
JUAN ELIAS CHAVERRA CHALA, and
DISCON GREEN**

_____/

## COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? Yes __ **No  X**

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? Yes __ **No  X**

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY:  _/s/ Robert J. Emery_
Robert J. Emery
Assistant United States Attorney
Court No. A5501892
Robert.Emery2@usdoj.gov
99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone: (305) 961-9421
Fax:         (305) 536-7213

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>EDINSON MURILLO PALACIOS,<br>VICENTE MOSQUERA QUEVADA,<br>JUAN ELIAS CHAVERRA CHALA, and<br>DISCON GREEN<br><br>*Defendant(s)* | Case No. 20-MJ-02898-TORRES |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about __May 26, 2020__, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____  Id #5894
*Complainant's signature*

DEA SA JOHN SHINE
*Printed name and title*

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by **Telephone**

Date: June 9, 2020

City and state: Miami, Florida

_____
*Judge's signature*

Edwin G. Torres, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, John R. Shine, being duly sworn, hereby depose and state the following:

1. I am currently assigned as a Special Agent with the Drug Enforcement Administration (DEA) in Miami, Florida and have worked in this capacity since July 1996. My official DEA duties include investigating criminal violations of federal narcotics laws. I have also been involved in various types of visual and electronic surveillances, and I have been involved in the debriefing of defendants, witnesses, informants, and others who have knowledge of the distribution and transportation of controlled substances, and of the laundering and concealing of proceeds from drug trafficking. I am familiar with the ways in which drug traffickers conduct their business, including but not limited to their methods of importing and distributing narcotics.

2. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 21 and 46 of the United States Code.

3. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint against EDINSON MURILLO PALACIOS, VICENTE MOSQUERA QUEVADA, JUAN ELIAS CHAVERRA CHALA and DISCON GREEN for violations of Title 46, United States Code, Sections 70503(a)(1) and 70506(b), that is conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. The facts contained in this Affidavit are based on my personal knowledge, as well as other information obtained from other law enforcement personnel, and other witnesses.

4. On or about May 26, 2020, while on patrol in the Eastern Pacific Ocean, a U.S. Government Marine Patrol Aircraft (MPA) detected a go-fast vessel, or target of interest (TOI),

traveling north in international waters at a high rate of speed 35NM NE of Isla Grande, Panama. The USS DETROIT with United States Coast Guard Law Enforcement Detachment 407 (LEDET) embarked, launched its helicopter. The helicopter arrived on scene and was able to pass vessel information to include the vessel operating at night without navigational lights, displaying no indication of nationality, observing a tarp covering a portion of the vessel, excessive fuel barrels visible on deck, and navigating in a "stop and go" fashion. As the helicopter initiated its blue emergency lights and displaying the U.S. Coast Guard logo, the Go Fast Vessel (GFV) began to jettison packages. Calls to heave were ignored. Warning shots were utilized and were ineffective. Disabling fire was employed, ultimately rendering the vessel dead in the water (DIW). A Panamanian interceptor vessel was vectored to the bale field and began recovering bales of suspected cocaine.

     5. USS DETROIT launched their Rigid Hull Inflatable Boat (RHIB), arrived on scene, and obtained positive control of the GFV. There were five crew members who all initially claimed Colombian nationality. No one made a claim to be the master of the vessel nor made a claim of nationality for the vessel. One person on board the GFV sustained injuries during the Use of Force process of disabling fire and was immediately taken on board USS DETROIT for further evaluation and first aid. The crewmember was medically evacuated to a hospital in Panama, where he remains. A Statement of no Objection ((SNO) was granted for USS DETROIT and the U.S. Coast Guard LEDET 407 to treat the GFV as one without nationality (TWON). LEDAT 407 conducted a boarding and enforce US Law. The Panamanian Interceptor subsequently recovered 43 packages of cocaine that were jettisoned from the GFV totaling approximately 1,055 kilograms of suspected cocaine and brought them on board their vessel. USS DETROIT safely embarked

the remaining four people. Due to the vessel not having suitable tow points and not being seaworthy, District 7 authorized USS DETROIT to destroy the vessel as a danger to navigation.

6.  LEDET 407 detained the four individuals, who were on board the TOI, and they were subsequently identified as EDINSON MURILLO PALACIOS, VICENTE MOSQUERA QUEVADA, JUAN ELIAS CHAVERRA CHALA and DISCON GREEN. EDINSON MURILLO PALACIOS, VICENTE MOSQUERA QUEVADA, JUAN ELIAS CHAVERRA CHALA are Colombian nationals. DISCON GREEN is a Honduran national. On June 9, 2020, these four persons were brought to the Southern District of Florida and were transferred to the custody of United States law enforcement.

[remainder of the page intentionally left blank.]

7. Based on the foregoing facts, I submit that probable cause exists to believe that EDINSON MURILLO PALACIOS, VICENTE MOSQUERA QUEVADA, JUAN ELIAS CHAVERRA CHALA and DISCON GREEN , while on board a vessel subject to the jurisdiction of the United States, did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, that is five kilograms or more of cocaine, in violation of Title 46, United States Code, Section 70503(a)(1); all in violation of Title 46, United States Code, Section 70506(b).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

ID #5894

_____
John R. Shine
Special Agent
Drug Enforcement Administration

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone this ___ day of June, 2020.

_____
THE HONORABLE EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE

4